# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CORNELIUS CANADY,**

**Plaintiff,**

**vs.**                                                    **Case No. 4:18cv538-MW/CAS**

**DOCTOR COLOMBANI,[1]**

**Defendant.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

The pro se Plaintiff filed a second amended complaint, ECF No. 19, in July 2019, but shortly thereafter filed a notice, ECF No. 20, advising that he was proceeding on the original complaint. Thus, service was directed, ECF No. 22, of Plaintiff's initial complaint, ECF No. 1, and Defendant Colombani filed a motion to dismiss on December 19, 2019. ECF No. 31. Defendant argued that Plaintiff's complaint failed to state a claim, but reserved the right to raise the defense of exhaustion of administrative remedies at a later time. ECF No. 31 at 3-4. Defendant noted that all

---

[1] Plaintiff listed this Defendant's surname as Calabani in the complaint. ECF No. 1. Because subsequent filings reveal the proper spelling of the name as Colombani, *see* ECF No. 35 and 37, the case style has been corrected.

grievances had not yet been provided by the Department of Corrections to fully examine that defense. *Id.*

An Order was entered directing Plaintiff to file a response to that motion. ECF No. 32. Plaintiff complied with that Order, *see* ECF No. 34, but on the same day Plaintiff's response was entered on the docket, Defendant filed a "dispositive motion to dismiss," ECF No. 35, to raise the argument that Plaintiff did not exhaust his available administrative remedies. Defendant pointed out that he had previously reserved the right to raise that argument, but due to circumstances out of Defendant's control, he had been unable to receive Plaintiff's grievances from the Florida Department of Corrections. ECF No. 35 at 2.

Thus, Plaintiff was afforded an opportunity to respond to Defendant's motion to dismiss, ECF No. 35, construed as a supplemental motion. ECF No. 37. Plaintiff filed a timely response, ECF No. 38, and the motions to dismiss are ready for a ruling.

**Allegations of the Complaint, ECF No. 1**

While Plaintiff was incarcerated at Hamilton Correctional Institution on July 9, 2018, he was attacked by another inmate, stabbed, and knocked unconscious. *Id.* at 5. Plaintiff alleged that he was taken to the medical

department for treatment. Defendant Colombani, the physician at Hamilton Correctional Institution, came in the room, but sat down at a desk and began writing. *Id.* Plaintiff alleged that Defendant Colombani did not examine him and did not treat his injuries. *Id.* When Plaintiff questioned the Defendant about not providing him treatment, Defendant Colombani physically assaulted him, punching him in the "face and head," although Plaintiff was sitting down, in handcuffs, and bleeding profusely. *Id.* Plaintiff alleged that a nurse witnessed the incident, and a correctional officer came in to restrain the doctor and escorted him out of his office and down the hall. *Id.* at 5-6.

Plaintiff asserts Eighth Amendment claims for failure to provide medical care and using unnecessary and excessive force. *Id.* at 6. Plaintiff seeks monetary damages as relief. *Id.*

Notably, Plaintiff alleged in his complaint that he submitted a grievance which had not been answered. ECF No. 1 at 6. Plaintiff identified his grievance[2] as log # 18-6-38778, and he claimed it was received by the Department of Corrections' Central Office "on or about

---

[2] Plaintiff indicated that the grievance log was attached to the complaint, ECF No. 1 at 6, but it was not.

August 31, 2018 - September 1, 2018." *Id.* Because it was not answered within 30 days, Plaintiff asserts that he was entitled to proceed with filing this action. *Id.*

**Standard of Review**

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing to Bryant, 530 F.3d at 1373-74).

Case No. 4:18cv538-MW/CAS

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  <u>Turner</u>, 541 F.3d at 1082 (citing <u>Bryant</u>, 530 F.3d at 1373–74, 1376).[3]  The burden of proof for evaluating an exhaustion defense rests with the Defendant.  <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); <u>Turner</u>, 541 F.3d at 1082-83.

**Supplemental Motion to Dismiss, ECF No. 35**

Defendant explains that the Florida Department of Corrections has an internal grievance procedure.  ECF No. 35 at 5.  Plaintiff must have complied with those procedures prior to filing this action.  *Id.* at 5-6.  Defendant contends that Plaintiff did not do so.  *Id.* at 7.

---

[3] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  <u>Bryant</u>, 530 F.3d at 1376.

Defendant acknowledges that Plaintiff submitted five grievance appeals to the Office of the Secretary of the Department of Corrections after the event at issue. *Id.* at 7. The first appeal was received on September 5, 2018, approximately two months after the incident. *Id.* The remaining four appeals were filed more than a year after the incident. *Id.* Defendant contends that none of the "appeals grieve the issues at play in this lawsuit, and thus Plaintiff has failed to properly exhaust his grievance of Dr. Colombani." *Id.* at 7-8. Defendant also argues that even if the September 2018 grievance is considered to have properly raised Plaintiff's issue against Dr. Colombani, it must be deemed "insufficient" because it was "not filed in a timely manner and bypassed the informal and formal grievance steps without an adequate reason for bypassing those levels." *Id.* at 8.

**Plaintiff's Response, ECF No. 37**

Plaintiff maintains that he "did in fact exhaust administrative remedies to the" Secretary of the Florid Department of Corrections. ECF No. 37 at 3. Plaintiff contends that his grievance appeal was submitted and approved. *Id.* He identifies grievance log # 18-6-38778 as the correct grievance. *Id.*

Plaintiff did not, however, provide copies of his grievance or the Secretary's response which approved his grievance.

**Evidence Submitted**

Defendant attached a copy of the "Appeal Activity Summary" to the second motion to dismiss. ECF No. 35-1 at 2. The disposition listed for log # 18-6-38778[4] is "approved." *Id.*

However, the response provided on the actual grievance stated: "Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure." ECF No. 35-1 at 3. The response noted that Plaintiff had not provided a copy of his formal grievance or a reason for by-passing that level of the grievance procedure. *Id.* Additionally, the response advised that Plaintiff's "Formal grievance #1808-312-038 was Approved on 09/05/18 (timely) and mailed to" him. *Id.* Thus, grievance log # 18-6-38788 was "returned with no action." *Id.* The response was dated September 24, 2018. *Id.*

---

[4] This is the same grievance log number which Plaintiff said shows exhaustion. ECF No. 37 at 3. Notably, log # 18-6-38778 was listed in the summary, ECF No. 35-1 at 2, but the log # written on the grievance appeal and on the response is: 18-6-38788. ECF No. 35-1 at 3-4. That appears to be just a scrivener's error, however, and there is no indication that the parties were not referencing the same document as the dates Plaintiff asserted that he filed the grievance are the same.

Case No. 4:18cv538-MW/CAS

Defendant also submitted a copy of Plaintiff's grievance appeal as an attachment to the motion. A stamp on the top of the document reveals the appeal was received in the Secretary's Office on September 13, 2018, although Plaintiff dated his appeal September 6, 2018.[5] ECF No. 35-1 at 4. A stamp at the bottom of the appeal reveals it was received in the mailroom of his institution on September 7, 2018. *Id.* The substance of that appeal is Plaintiff's request to have $25.95 returned to his inmate trust fund account. *Id.* Plaintiff said that he filed grievance log # 1808-312-038 about the matter, but had not been given a reply. *Id.*

In context, this grievance appeal reveals that Plaintiff was advised that the grievance he referenced in his appeal had been approved. It was not, however, approving a grievance Plaintiff submitted about the underlying issue of this case.

The remaining grievance appeals submitted to the Office of the Secretary have also been reviewed. ECF No. 35-1 at 5-17. Those appeals concern a disciplinary report appeal (log # 19-6-39720), allegations of retaliation committed by Captain Davis (log # 19-6-40003 and log # 19-6-

---

[5] Plaintiff appears to have written "August 6, 18," at the bottom, but then wrote September above the word August. ECF No. 35-1 at 4.

40732), and a complaint against Sergeant Brooks for the manner in which he subjected Plaintiff to a strip search.  *Id.* at 5-17.  Those grievance appeals do not demonstrate exhaustion of the issue Plaintiff alleged in his complaint.

Although Plaintiff never asserted that he otherwise exhausted administrative remedies through the filing of an informal grievance or formal grievance at the institution level, Defendant presented copies of those grievances which have also been reviewed.  ECF No. 35-2.  Plaintiff submitted an informal grievance which he directed to the attention of Dr. Leacock in mental health.  ECF No. 35-2 at 4.  In that grievance, #103-1910-0084, dated October 14, 2019, Plaintiff alleged that he suffered trauma when he was hit in the head.  *Id.*  He complaint that the incident cause him to suffer "physical abuse by a medical doctor."  *Id.*  He said he had a case pending in federal court, identifying this case, and reported that the assault was witnesses by a nurse who filed a report.  *Id.*  Plaintiff then complained about suffering mental distress and anxiety while being held in confinement.  *Id.*  His request in the "urgent grievance" was to be reassigned from the top bunk.  *Id.*  The response Plaintiff received to that

informal grievance was to advise him that mental health could not change bunk assignments. *Id.* Thus, Plaintiff's grievance was denied. *Id.*

Although that grievance at least is tangentially *related* to Plaintiff's claim in this case, it is not a grievance complaining about the Defendant's actions or inactions. Instead, it is a grievance which seeks a bunk change.

Similarly, Plaintiff submitted another informal grievance in which he complained that he was "deprived of all legal material" since he was placed in administrative confinement. ECF No. 35-2 at 5. Plaintiff requested that his legal work be provided to him. That grievance was approved, but it does not concern Plaintiff's allegations against the named Defendant. *Id.*

Plaintiff also submitted an informal grievance in October 2019, complaining of retaliation when he received a "disobeying order" which he contends violated his right to freedom of speech. *Id.* at 6. That grievance was against Correctional Officer Collins and not the named Defendant. *Id.* The informal grievance was denied, as was Plaintiff's formal grievance filed against Officer Collins. ECF No. 35-3 at 3-5.

Finally, Plaintiff filed an informal grievance about the "outrageous conduct" of Officer Tellis. ECF No. 35-3 at 6. The grievance is irrelevant to this case, and was denied. *Id.*

Case No. 4:18cv538-MW/CAS

**Analysis**

The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory, and courts do not have "discretion to waive the exhaustion requirement."  Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).  Exhaustion promotes efficiency and permits an agency "to correct its own mistakes" prior to being "haled into federal court." Woodford v. Ngo, 548 U.S. 81, 89, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006).  To discourage disregard of an agency's procedures and improve the qualify of prisoner suits, the Supreme Court concluded that prisoners must properly exhaust a prison system's grievance process. Woodford, 548 U.S. at 90–91, 126 S. Ct. at 2386 (holding that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").  Thus, prison officials must have "time and opportunity to

address complaints internally before allowing the initiation of a federal case." 548 U.S. at 93, 126 S. Ct. at 2387 (citing <u>Porter v. Nussle</u>, 122 S. Ct. 983 (2002)).

Here, Defendants have supported their exhaustion defense with copies of grievances that demonstrate Plaintiff did not exhaust administrative remedies concerning his claim against Defendant Colombani.   Plaintiff did not file grievances concerning his alleged interaction with Defendant Colombani and the prison was not provided an opportunity to address this in the first instance.

To the degree Plaintiff asserted that he filed a grievance appeal and could proceed because the Department did not respond within 30 days, that argument should be rejected.  Plaintiff did not cite to an unidentified grievance appeal.  Rather, the appeal log number was provided, and Defendant has shown that the appeal cited by Plaintiff did not concern the event at issue in this case.  Furthermore, if Plaintiff had submitted a direct appeal to the Secretary in late August 2018 as he alleged in the complaint,

that appeal would likely have been rejected because it was not submitted within the time permitted by the Department's rules.[6]

Accordingly, because Plaintiff's claim is unexhausted, this action cannot proceed. Defendant's supplemental motion to dismiss should be granted.

**Recommendation**

It is respectfully **RECOMMENDED** that Defendant's supplemental motion to dismiss, ECF No. 35, be **GRANTED**, that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted[7] pursuant to 28 U.S.C. § 1915(e)(2), and that all other pending motions be **DENIED** as moot. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk

---

[6] The Rules permit an inmate to file a direct grievance to the Secretary. FLA. ADMIN. CODE R. 33-103.007. However, Rule 33-103.011 requires such a grievance to be filed "within 15 calendar days from the date" of the incident grieved. FLA. ADMIN. CODE R. 33-103.011(1)(d). Because the incident occurred on July 9, 2018, a grievance filed at the end of August is untimely. Plaintiff's complaint alleged that he submitted his grievance on August 31 - September 1, 2018. ECF No. 1 at 6.

[7] Dismissal for failure to exhaust may also be considered as "a basis for dismissal for failure to state a claim" because Plaintiff is not entitled to relief in this case. Jones, 549 U.S. at 215-16, 127 S. Ct. at 920-21.

Case No. 4:18cv538-MW/CAS

of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

      **IN CHAMBERS** at Tallahassee, Florida, on April 6, 2020.


      S/    Martin A. Fitzpatrick
      **MARTIN A. FITZPATRICK**
      **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**