**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CORNELIUS CANADY,**

    Plaintiff,

vs.                                                                                      Case No. 4:18cv538-MW-MAF

**DOCTOR CALABANI,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Previously, Chief United States District Judge Mark E. Walker entered an Order, ECF No. 62, dismissing Defendant's original motion to dismiss without prejudice because it was not properly supported, at least in light of Plaintiff's objections. Defendant was given additional time in which to investigate the exhaustion issue and file an amended motion to dismiss, properly supported, or file an answer to the complaint. ECF No. 62.

On October 12, 2020, Defendant filed an amended motion to dismiss Plaintiff's complaint, ECF No. 1. ECF No. 66. Defendant has withdrawn the argument concerning exhaustion of administrative remedies and now asserts that the complaint fails to state a claim and fails to allege physical

injury such that Plaintiff is entitled to punitive damages. *Id.* Plaintiff was advised of his obligation to respond to the motion, ECF No. 67, and his response has been timely received. ECF No. 69.

**Allegations of the Complaint, ECF No. 1**

While Plaintiff was incarcerated at Hamilton Correctional Institution on July 9, 2018, he was attacked by another inmate who hit Plaintiff in the head "with a master lock." ECF No. 1 at 5. It appears that another inmate hit Plaintiff on the back of his head and his right ear, and Plaintiff was "stabed [sic] in the right side of [his] stomach." *Id.* Plaintiff was knocked unconscious and was taken to the medical department for treatment. *Id.*

Plaintiff alleged that he was placed in the doctor's office, but when Defendant Colombani, the physician at Hamilton Correctional Institution, came into the room, he sat at his desk and began writing. *Id.* Plaintiff alleged that "in light of his lack of ambition" to examine or treat him, and because Plaintiff was in handcuffs, shackles, and "bleeding profusely," Plaintiff asked the Defendant why he was not being treated. *Id.* Defendant Colombani stood up and "physically assaulted" Plaintiff, with "several punches to the face and head." *Id.* Plaintiff alleged that a nurse witnessed the incident, and a correctional officer came into the office, restrained and

pulled the doctor off of Plaintiff, and escorted the doctor out of his office and down the hall. *Id.* at 5-6.

Plaintiff asserts Eighth Amendment claims for failure to provide medical care and for using unnecessary and excessive force. *Id.* at 6. Plaintiff said the doctor "lost his temper" instead of providing treatment, and Plaintiff seeks "punitive damages" as relief. *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1] "A claim has facial

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than

---

disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

Case No. 4:18cv538-MW-MAF

those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations. As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Motion to Dismiss**

Defendant Colombani seeks dismissal of Plaintiff's Eighth Amendment claim, arguing that "Plaintiff failed to allege how Dr. Colombani harmed Plaintiff." ECF No. 66 at 10. Acknowledging that Plaintiff alleged that the Defendant punched Plaintiff several times, Defendant nevertheless contends that "absent from the Complaint are any allegations of *how* Dr. Colombani's alleged failure to provide medical treatment *caused* Plaintiff injury." *Id.* at 11. Defendant contends that Plaintiff failed to

Case No. 4:18cv538-MW-MAF

sufficiently allege that "Dr. Colombani violated his constitutional rights and thus, Plaintiff's claim that Dr. Colombani was deliberately indifferent to Plaintiff's serious medical needs is entitled to dismissal as a matter of law." *Id.* Further, Defendant raises qualified immunity as a basis for dismissal, and contends that Plaintiff is not entitled to an award of punitive damages because he "failed to allege that the doctor's alleged conduct - i.e. the doctor's alleged failure to provide medical care after Plaintiff was assaulted by inmates and instead, punching Plaintiff in the face - resulted in physical injury beyond a vague allegation of 'severe pain.'" ECF No. 66 at 6-9. Furthermore, Defendant argues that because Plaintiff did not request nominal damages, such a claim is "properly dismissed." *Id.* at 9-10.

**Analysis**

**A.   Medical Care**

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d

59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr. Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" Farrow, 320 F.3d at 1243 (citation omitted); *see also* Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left

unattended, poses a substantial risk of serious harm." <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009) (citations omitted).

In this case, Plaintiff's complaint provided Defendant Colombani with a clear statement of facts, sufficient notice of the basis for the claim, and stated the grounds upon which his claims rest. Plaintiff alleged that he was "bleeding profusely" and was in severe pain when he saw Defendant Colombani. ECF No. 1 at 5. Plaintiff alleged that he had been stabbed in the stomach, hit numerous times in the head, and was "knock[ed] unconscious." *Id.* Those facts are sufficient to demonstrate the need for a medical examination, at the very least. Those facts are also sufficient to show that, if left untreated, Plaintiff faced a substantial risk of serious harm, a fact that would be obvious even to a lay person considering Plaintiff was stabbed in the abdomen area and suffered a head injury significant enough that he was rendered unconscious. In light thereof, Plaintiff's factual allegations are sufficient to state an Eighth Amendment claim for the denial of medical care, and Defendant's motion should be denied as to that argument.

Additionally, Defendant has argued that qualified immunity is applicable. "Qualified immunity shields government officials sued in their

Case No. 4:18cv538-MW-MAF

individual capacities from liability against a plaintiff's § 1983 claims if the officials' conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Grider v. City of Auburn, 618 F.3d 1240, 1254 (11th Cir. 2010) (quoted in McNeeley v. Wilson, 649 F. App'x 717, 720-21 (11th Cir. 2016)). In resolving this issue, there are two questions to consider: (1) "whether the plaintiff's allegations, if true, establish a constitutional violation"; and (2) "whether the right violated was 'clearly established.'" Grider, 618 F.3d at 1254 (quoted in McNeeley, 649 F. App'x at 721).

It has been well established since Estelle v. Gamble that prison officials must "'provide medical care for those whom it is punishing by incarceration' precisely because the failure to do so 'may actually produce physical 'torture or a lingering death'' or, '[i]n less serious cases, ... may result in pain and suffering which no one suggests would serve any penological purpose.'" Estelle, 429 U.S. at 103, 97 S.Ct. 285 (quoting In re Kemmler, 136 U.S. 436, 447, 10 S.Ct. 930, 34 L.Ed. 519 (1890)) (quoted in McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999)). In light thereof, a reasonable prison doctor would know that refusing or otherwise failing to examine a prisoner "bleeding profusely" is a violation of clearly established

law. Because the need for treatment of prisoners was clearly established nearly 40 years before 2018, Defendant is not entitled to qualified immunity. See McElligott v. Foley, 182 F.3d 1248, 1260 (11th Cir. 1999) (denying qualified immunity to doctor and nurse and noting that "[g]iven the abundance of caselaw from our circuit defining the parameters of deliberate indifference, we cannot say that defendants lacked fair warning that their conduct violated the Eighth Amendment").

B. **Physical Assault**

The Eighth Amendment also forbids cruel and unusual punishment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). A claim that a prison official unnecessarily used excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause. The "core judicial inquiry" for this claim uses the standard set forth in Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) (quoting Whitley, at 320-21, 106 S. Ct. at 1085); see also Sconiers v. Lockhart, 946 F.3d 1256, 1268 (11th Cir. 2020) (noting that "[p]epper-

spraying and slamming a person to the ground without penological justification certainly offends common standards of decency").

Demonstrating an excessive use of force "requires a prisoner to establish two elements—one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" Sconiers, 946 F.3d at 1265 (quoting Hudson, 503 U.S. at 8). To meet the subjective element, a prisoner must show that the excessive force was "sadistically and maliciously applied for the very purpose of causing harm." 946 F.3d at 1265 (quoting Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)); *see also* Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). The objective component "focuses on whether the official's actions were 'harmful enough,' Hudson, 503 U.S. at 8, 112 S. Ct. 995, or 'sufficiently serious,' Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), to violate the Constitution." 946 F.3d at 1265.

Nevertheless, "[u]nder the objective component of an Eighth Amendment claim, the force used, not the injury sustained, is what 'ultimately counts.'" *Id.* at 1267 (quoting Wilkins v. Gaddy, 559 U.S. 34, 38,

130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)). Analysis of excessive force claims must consider that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins, 559 U.S. at 37, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. 995); *see also* 946 F.3d at 1265. Furthermore, "'routine discomforts' and other de minimis uses of physical force do not trigger the 'Eighth Amendment's prohibition on cruel and unusual punishments.'" Hudson, 503 U.S. at 9-10, 112 S. Ct. at 1000 (quotation marks omitted) (quoted in Thompson v. Smith, 805 F. App'x 893, 901 (11th Cir. 2020)).

> The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *[Wilkins v. Gaddy, 559 U.S. 34],* at 37-38, 130 S. Ct. 1175. Instead, the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether "significant injury is evident," though the extent of injury may shed light on the amount of force applied or "whether the use of force could plausibly have been thought necessary."

Sconiers, 946 F.3d at 1265-66 (quoting Wilkins, 559 U.S. at 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)).

Here, Plaintiff alleged that the Defendant punched him in the face and head because Plaintiff asked a question. There can be no justification

for punching a prisoner in that scenario, even if it was a sarcastic question. Thus, there is no penological justification for the Defendant's use of force against Plaintiff. Instead, it appears that the force was "maliciously and sadistically [applied] for the very purpose of causing harm." As alleged, Plaintiff has sufficiently stated a claim for the unnecessary and excessive use of force.

Even so, Defendant contends that because Plaintiff failed to allege physical injury pursuant to 42 U.S.C. § 1997e(e), Plaintiff has not demonstrated a basis to recover punitive damages. Thus, Defendant contends that Plaintiff's claims for punitive damages are barred. ECF No. 66 at 7-9.

Defendant is correct that "[i]n the Eleventh Circuit, compensatory and punitive damages are unavailable under § 1997e(e) absent physical injury." ECF No. 66 at 6 (citing Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007); Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (other citations omitted)). Those holdings derive from a portion of the Prison Litigation Reform Act ["PLRA"] which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). The heading for this provision is stated as a "limitation on recovery." The statute does not, however, include a requirement that a prisoner must allege physical injury within the complaint.

In considering the related issue of "whether exhaustion under the PLRA is a pleading requirement the prisoner must satisfy in his complaint or an affirmative defense the defendant must plead and prove," Chief Justice John Roberts in writing for the Court in Jones v. Bock, 549 U.S. 199, 204, 127 S. Ct. 910, 915, 166 L. Ed. 2d 798 (2007), pointed out that neither the Federal Rules of Civil Procedure nor § 1983 imposes a heightened pleading standard. Jones, 549 U.S. at 212, 127 S. Ct. at 919 (concluding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"). Similarly, the PLRA does not specify that an inmate must *allege* physical injury if the prisoner seeks monetary damages.

Prior to the enactment of § 1997e(e), the Supreme Court made clear that an "inmate who alleges excessive use of force" does not have "to show

Case No. 4:18cv538-MW-MAF

serious injury in addition to the unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 10, 112 S. Ct. 995, 1001, 117 L. Ed. 2d 156 (1992) (holding that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury"); *see also* Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (reversing dismissal of prisoner's § 1983 case on the basis that the complaint "failed to allege Dr. Bloor's actions had caused petitioner 'substantial harm'"). In Wilkins v. Gaddy, 559 U.S. 34, 34, 130 S. Ct. 1175, 1176-77, 175 L. Ed. 2d 995 (2010), a case decided after passage of the PLRA, the Court held that a district court should not have "dismissed a prisoner's excessive force claim based entirely on its determination that his injuries were 'de minimis'". The Court reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 38, 130 S. Ct. at 1178-79; *see also* Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014) (applying reasoning of Wilkins to a Fourth Amendment claim). Further, the opinion in Wilkins may be read to implicitly find that a prisoner is not required to *plead* his injuries.

Case No. 4:18cv538-MW-MAF

> Dismissing Wilkins' action sua sponte, the District Court did not hold that this purported assault, which allegedly left Wilkins with a bruised heel, back pain, and other injuries requiring medical treatment, involved de minimis force. Instead, the court concluded that Wilkins had failed to state a claim because "he simply has not alleged that he suffered anything more than a de minimus [sic] injury."

559 U.S. at 38, 130 S. Ct. at 1179. "To conclude, as the District Court did here, that the absence of 'some arbitrary quantity of injury' requires automatic dismissal of an excessive force claim improperly bypasses" the "core judicial inquiry" which is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. at 37, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 7, 112 S. Ct. 995). At least at the motion to dismiss stage of litigation, the initial inquiry should be on the reasonableness of the force and not on the extent of a prisoner's injury.

The "relatively modest nature" of a prisoner's "injuries will no doubt limit the damages he may recover," 559 U.S. at 40, 130 S. Ct. at 1180, but prisoners are simply not required to make such specific allegations in a complaint. But see Brooks v. Warden, 800 F.3d 1295, 1298 (11th Cir. 2015) (finding that because "Brooks has not alleged any physical injury

Case No. 4:18cv538-MW-MAF

resulting from his hospital stay, under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), he cannot recover compensatory or punitive damages"). There is no requirement in either rule or statute which directs prisoner plaintiffs to allege their injuries, and in light of the Supreme Court's opinion in Wilkins, Defendant's argument that "there are no allegations in the Complaint that Plaintiff suffered the requisite physical injury to maintain a cause of action as to Dr. Colombani," *see* ECF No. 66 at 10, should be rejected. *See also Id.* at 7.

Moreover, this Court agrees with the decision of the Middle District of Georgia which "found 'no authority limiting a prisoner's damages for the actual physical injury he may have suffered, even if the court determines the injury was de minimis' because § 1997e(e) 'only bars recovery for mental or emotional injury.'" Owens v. Hart, No. 1:14-CV-1 (WLS), 2016 WL 450297, at *2 (M.D. Ga. Feb. 4, 2016) (quoting Nix v. Carter, No. 5:10-cv-256-CAR, 2013 WL 432566 at *2 (M.D. Ga. Feb. 1, 2013)). Put simply, if Plaintiff is able to demonstrate that he suffered "physical injury," then his claim for punitive damages is not barred by § 1997e(e). Owens, 2016 WL 450297, at *2 (holding "that Owens' compensatory and punitive damages claims for physical injury are not barred by § 1997e(e) even if his

Case No. 4:18cv538-MW-MAF

physical injury was de minimis"). The motion to dismiss argued only that Plaintiff did not allege physical injury; Defendant did not assert that Plaintiff did not suffer physical injury. Evaluating the nature and extent of Plaintiff's physical injuries should come at the summary judgment stage of litigation or trial, but in deciding a motion to dismiss, a complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Laskar v. Hurd, 972 F.3d 1278, 1284 (11th Cir. 2020). Plaintiff alleged the facts necessary to support both a claim for the unnecessary and excessive use of force as well as a claim for deliberate indifference.[2] The Defendant's motion to dismiss for failure to allege physical injury should be denied. Consequently, to the degree Defendant also argued that because Plaintiff only sought punitive damages, this case should be dismissed, ECF No. 66 at 2 and 10, that argument should be rejected. The issue of Plaintiff's entitlement to damages should be deferred until summary judgment or trial.

---

[2] To the degree Plaintiff submitted medical records with his response to the motion to dismiss, ECF No. 69, those records have not been reviewed. In general, a court should "not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss [under Rule 12(b)(6)]." Saunders v. Duke, 766 F.3d 1262, 1271 (11th Cir. 2014).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 66, be **DENIED** and this case be **REMANDED** for further proceedings on Plaintiff's Eighth Amendment claims.

**IN CHAMBERS** at Tallahassee, Florida, on December 8, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**