IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CORNELIUS CANADY,**

    *Plaintiff*,

v.                                                   Case No.: 4:18cv538-MW/MAF

**DOCTOR COLOMBANI,**

    *Defendant.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 84, and has also reviewed *de novo* Defendant's objections, ECF No. 85. Defendant objects to the denial of summary judgment as to the § 1983 excessive force claim. I agree with the Magistrate Judge's recommendation to deny Defendant's motion for summary judgment as to this claim because there is a genuine dispute of material fact as to whether Defendant used excessive force against Plaintiff. Only three of Defendant's objections warrant discussion—first, that Plaintiff's testimony constitutes conclusory, self-serving statements insufficient to defeat summary judgment; second, that Plaintiff has failed to establish the alleged force was more than *de minimis*; and third, that Defendant was not acting under color of law when he allegedly struck Plaintiff.

As to whether there exists a genuine dispute of material fact that Defendant used excessive force, Defendant is reminded that he "continues to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact," regardless of whether Plaintiff responds to Defendant's motion. *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). Here, Defendant attached excerpts of Plaintiff's sworn deposition testimony and cited those portions where Plaintiff testified that Defendant "lost his temper" and struck Plaintiff in the face while providing medical treatment to Plaintiff. *See, e.g.*, ECF No. 82 at 5. This Court understands the merits of Plaintiff's excessive force claim requires a fact-specific inquiry that depends on the allegations. But just because Plaintiff testified to his version of events during a sworn deposition does not disqualify those facts as conclusory self-serving statements. Moreover, Defendant does not show Plaintiff's testimony is blatantly contradicted by the record. *See Joassin v. Murphy*, 661 F. App'x 558, 559-60 (11th Cir. 2016) (holding that state prisoner's sworn testimony creates genuine issue of material fact as to whether officers applied force maliciously for the purpose of causing harm notwithstanding officers' competing affidavits).

Turning next to Defendant's objection that the alleged use of force was merely *de minimis*, this Court reminds Defendant that *Hoever* precludes a finding that Plaintiff has not suffered the requisite injury for punitive damages—the only

category of damages that Plaintiff seeks. *See Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021); ECF No. 1 at 6.

Finally, Defendant argues that because the Defendant is not authorized by law to use force like a correctional officer, such conduct is not within Defendant's purview as a prison doctor and thus does not translate into state action for purposes of Plaintiff's claim. This Court agrees that simply because a prison doctor strikes a prisoner in a prison-medical setting, this does not automatically constitute state action for a § 1983 claim. For example, a doctor walking down a hallway who punches a prisoner simply because he dislikes prisoners is arguably not a "state actor." Here, however, Defendant was providing care to Plaintiff at the time the alleged force was used. If this Court were to accept Defendant's cramped view of state action, a doctor who gratuitously twists a prisoner's broken limb or maliciously pokes a prisoner's open wound while providing medical treatment would be immune from liability under § 1983. But this is not the law. I agree with the Magistrate Judge's conclusion that a reasonable jury could find that the force Defendant allegedly employed was malicious or sadistic and that punching a prisoner who is receiving medical care is repugnant to the conscience of mankind.

Accordingly,

  **IT IS ORDERED**:

  The report and recommendation, ECF No. 84, is **accepted and adopted**, over the Defendant's objections, as this Court's opinion. Defendant's motion for summary judgment, ECF No. 82, is **GRANTED in part** and **DENIED in part**. Defendant is entitled to summary judgment as to Plaintiff's claim for the denial of medical care. However, Defendant is not entitled to summary judgment as to Plaintiff's excessive-force claim. This case is **REMANDED** for further proceedings on the surviving Eighth Amendment claim. This Court does *not* direct entry of partial judgment on the issues decided in this Order under Rule 54(b).

  **SO ORDERED on August 23, 2021.**

              <u>s/Mark E. Walker</u>
              **Chief United States District Judge**