# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CORNELIUS CANADY,**

    Plaintiff,

vs.                                      Case No. 4:18cv538-MW-MAF

**DOCTOR COLOMBANI,**

    Defendant.

_____/

## O R D E R

Defendant's motion for summary judgment, ECF No. 82, has been granted in part and denied in part, and the case remanded for further proceedings.  ECF No. 86.  The parties were provided an opportunity to request additional discovery prior to setting this case for trial.  ECF No. 89.  Defendant Colombani as well as the pro se Plaintiff have filed motions requesting additional discovery.  ECF Nos. 90-91.

Plaintiff's motion, ECF No. 90, has two deficiencies.  First, Plaintiff has included a certificate of service, *id.* at 3, but it is not correct.  As Plaintiff was advised in the last Order, ECF No. 89, a certificate of service must set "out the date and method of service" on opposing counsel.  N.D.

Fla. Loc. R. 5.1(F).  Plaintiff's certificate of service specifies that it was sent to the Clerk's Office.  *Id.*  That is not correct and does not comply with Rule 5.1(F) or the prior Order.  Service is carried out on opposing parties; documents are filed with the Court.

Second, the prior Order, ECF No. 89, reminded the parties that an additional discovery period was contemplated in the Initial Scheduling Order.  The Order advised "that a second, brief discovery period *may* be provided for trial preparation for claims which will proceed to trial, upon a showing of diligence during the initial discovery period."  ECF No. 77 at 2.  "Redundant discovery will not be permitted during a second discovery period."  *Id.*  Plaintiff's recent motion, ECF No. 90, does not demonstrate diligence during the initial period, nor is it clear what Plaintiff may be requesting *if* a supplemental discovery period is provided.

Nevertheless, Defendant Colombani has requested an additional 90 days in which to complete discovery.  ECF No. 91 at 3.  Defendant advises that several persons have yet to be identified who Plaintiff claimed were present when the alleged use of force occurred.  *Id.* at 3.  Those persons may be critical to the issued to be tried in this case, and the discovery sought is relevant.  Indeed, Plaintiff's motion for supplemental discovery,

ECF No. 90 at 2, seeks the same information.  Accordingly, Defendants' motion is granted and the parties will be provided a supplemental discovery period to prepare for trial.  The due date of any discovery requested must be no later than Monday, **January 10, 2022**.

Accordingly, it is

**ORDERED:**

1.  Defendant's motion for additional discovery, ECF No. 91, is **GRANTED** and both parties shall be provided 90 days in which to complete their preparations for trial.

2.  Plaintiff's motion requesting additional discovery, ECF No. 90, is **DENIED** as moot.

3.  The parties have until **January 10, 2022,** to complete discovery.

4.  Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

5. The Clerk of Court shall return this file on the extended discovery deadline, January 10, 2022.

**DONE AND ORDERED** on October 12, 2021.

        <u>S/   Martin A. Fitzpatrick</u>
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**